## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Jesse Rezendes, *on behalf of himself and all others similarly situated*,

                Plaintiff,

           vs.

Mitsubishi Motors North America, Inc.,

             Defendant.

Civil Case Number: _____

**CLASS ACTION COMPLAINT**

For his Class Action Complaint, Plaintiff Jesse Rezendes, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.      Plaintiff, Jesse Rezendes ("Plaintiff"), brings this lawsuit on behalf of himself and a proposed class of past and present owners and lessees of defective 2022 Mitsubishi Outlander vehicles (collectively, the "Class Vehicles") marketed, distributed, sold, warranted, and serviced by Defendant Mitsubishi Motors North America, Inc. ("Mitsubishi" or "Defendant").

2.      Plaintiff and the Class were damaged because the Class Vehicles contain defective hoods that flutter and bounce when driving.

3.      At all relevant times, Mitsubishi knew that the Class Vehicles contain one or more design and/or manufacturing defects that can cause the hoods to flutter and bounce when driving (the "Hood Defect" or the "Defect").

4.      In March 2021, almost immediately after Mitsubishi began selling the Class Vehicles and before Plaintiff purchased his vehicle, Mitsubishi had already performed an investigation into the Hood Defect and notified its dealerships, but not Class Vehicle owners, that "[a] hood flutter may occur on 2022 Outlanders."

5.    Class Vehicle owners report that their hoods flutter when driving at various speeds, in windy conditions, or when driving over bumps, and reported this defect to the National Highway Traffic Safety Administration ("NHTSA") as early as July 2021:

- NHTSA Complaint, July 21, 2021, ID No. 11421741: I just bought a 2022 Mitsubishi Outlander and I noticed while driving on the highway around 60 to 70 MPH the hood is fluttering. I checked the hood just to make sure it was not unlatched and it was secured but the hood continues to flutter looking like it wants to open during highway driving.

- NHTSA Complaint, July 31, 2021, ID No. 11427249: The front hood is structurally weak, causing flexing, bouncing, and fluttering. When driving over 55 mph, you feel as though the hood is going to open up while driving. It is a very unsettling and unsafe feeling when driving on the highway. You feel as though the hood is going to open up and smash against the windshield. When driving on surface streets where there are bumps in the road, the hood moves a lot.

- NHTSA Complaint, August 23, 2021, ID No. 11430174: At 45mph and above the hood flutters violently.

- NHTSA Complaint, August 23, 2021, ID No. 11430120: I have taken my SUV for to updates in regaurds to repairing the hood that shakes and bounces. It moves up and down when going down the road fast or slow. Its not only the wind that causes this it is also bumps in the road. It oftem seams the hood will fly up and can be pretty scarry. I fewel something needs to be done to help support the hood and make it samefer. If it keeps moving metal fatigue could occure and cause a safety issue that could lead to a death.

- NHTSA Complaint, September 7, 2021, ID No. 11431960: My 2022 Mitsubishi Outlander hood vibrates during drives. The vibration starts when the car is moving around 35 - 40 mph or more. I confirmed that it was properly closed, but it concerns me because this repetitive movement may loosen the hood locking system during any future drive. This problem may cause a potentially fatal accident.

- NHTSA Complaint, October 21, 2021, ID No. 11437717: The contact owns a 2022 Mitsubishi Outlander. The contact stated while driving approximately 45 MPH, the hood started to vibrate abnormally. The contact was concerned that the hood would open inadvertently. The vehicle was taken to a local dealer and was diagnosed with needing weather-stripping to be replaced. The vehicle was not repaired. The

2

manufacturer was not informed of the failure. The failure mileage was approximately 8.

- <u>NHTSA Complaint, December 3, 2021, ID No. 11442581</u>: The hood flutters at any speed or if u hit a bump to the point it is not safe.

- <u>NHTSA Complaint, December 28, 2021, ID No. 11445354</u>: The hood is fluttering after 25mph.

- <u>NHTSA Complaint, January 14, 2022, ID No. 11447558</u>: Hood shakes with speeds greater than 30mph. When on the highway the shaking is violent and it seems the hood will fly open. The shops I have called say Mitsubishi is aware of the issue and not fixing it at this time.

- <u>NHTSA Complaint, January 25, 2022, ID No. 11448824</u>: The contact owns a 2022 Mitsubishi Outlander. The contact stated that while driving at various speeds, the hood would vibrate and lift up without warning. She also stated that the failure would occur while driving over bumps or while passing large vehicles. The contact had taken the vehicle to the dealer where she was initially informed that there was no remedy for the failure. The manufacturer was also notified of the failure and referred her back to the dealer for assistance. The dealer stated that a new hood would be ordered however, there was no arrival date available. The vehicle had yet to be repaired. The failure mileage was approximately 1,700.

6.    Further, the Hood Defect can and often does manifest immediately, or soon after Class Members take ownership of the vehicles. For instance, Plaintiff began experiencing the defect within weeks of purchasing his new vehicle.  Other owners likewise complained that they experienced the Hood Defect since purchasing their vehicles new:

- <u>NHTSA Complaint, November 26, 2021, ID No. 11441422</u>: The vehicles hood shakes and flutters when traveling above approximately 45mph and gets worse the faster vehicle travels. I fear this is causing excess wear on the hood latch and the hood will eventually fly up causing driver to be unable to see. **Been like this since new**. Has been back go dealership twice with no fix.

- <u>NHTSA Complaint, January 3, 2022, ID No. 11445965</u>: I purchased this vehicle on 12/24/2021. **After purchasing and driving off the lot, I noticed a significant amount of hood fluttering**. Irrespective of the speed , the flutter is significant and a distraction and can affect one driving safely.

3

- NHTSA Complaint, January 3, 2022, ID No. 11445964: I purchased this vehicle on 12/24/2021. Today 01/03/2022 I was taking it to the dealership for a very **severe case of the hood fluttering** and my forward collision warning came on for no reason and began flashing and I got the message that the system is off.

- NHTSA Complaint, January 14, 2022, ID No. 11447520: My vehicle hood is shaking/fluttering as if it is not latched properly. I am concerned this may fly up and cause an accident. **I have had my vehicle less than a month**.

7.     Defendant has admitted the existence of a defect as soon as Class Vehicles went on sale and issued Technical Service Bulletins in an attempt to correct the Defect by adjusting the hood latch and bumper stops and later replacing weather stripping around the hoods. However, such interim measures have failed to remedy the Defect in the Plaintiff's car and in other Class Members' cars who continue to experience the defect following these inadequate repair attempts:

- NHTSA Complaint, October 21, 2021, ID No. 11437717: The contact owns a 2022 Mitsubishi Outlander. The contact stated while driving approximately 45 MPH, the hood started to vibrate abnormally. The contact was concerned that the hood would open inadvertently. **The vehicle was taken to a local dealer and was diagnosed with needing weather-stripping to be replaced. The vehicle was not repaired.** The manufacturer was not informed of the failure. The failure mileage was approximately 8.

- NHTSA Complaint, December 6, 2021, ID No. 11442863: The hood flutters violently while driving. **The manufacturer has already issued a TSB to try to fix the issue but it has not**. There are hundreds if not thousands of complaints online about this issue. I'm afraid that the hood may fly up while driving.

8.     The Hood Defect poses a safety hazard to drivers because the bouncing and fluttering of the hood causes the drivers to be distracted as they are concerned that hood may be getting unlatched and may open at any moment, and thus draws their attention to the Defect and away from the other members of motoring public and/or pedestrians. For example, the following owners complained to the NHTSA that the Hood Defect causes them to be distracted, scared, and feeling unsafe:

4

- <u>NHTSA Complaint, October 21, 2021, ID No. 11437717</u>: The contact owns a 2022 Mitsubishi Outlander. The contact stated while driving approximately 45 MPH, the hood started to vibrate abnormally. **The contact was concerned that the hood would open inadvertently**. The vehicle was taken to a local dealer and was diagnosed with needing weather-stripping to be replaced. The vehicle was not repaired. The manufacturer was not informed of the failure. The failure mileage was approximately 8.

- <u>NHTSA Complaint, October 29, 2021, ID No. 11438620</u>: At higher highway speeds the hood gets air under it, causing the hood to "flutter" or "bounce". At higher speeds it looks like the hood could almost fly up. **I feel very unsafe driving with this**, i've been told it can't make my hood fly up, but i worry about it everytime i drive.

- <u>NHTSA Complaint, November 2, 2021, ID No. 11439003</u>: CAR ENGINE HOOD SHAKES VIOLENTLY AT SPEEDS HIGHER THAN 45 MILES PER HOUR. THE HIGHER THE SPEEND THE MORE IT SHAKES. **MY WIFE IS AFRAID TO DRIVE IT**. MANY OTHER OWNERS ARE COMPLAINING OF SAME ISSUE AND HAVE TAKEN OUTLANDER IN FOR SERVICE WITHOUT FAVORORABLE RESULTS. ISSUE STILL PERSISTS. I WILL TAKE MY OUTLANDER FOR SERVICE AS SOON AS I AM ABLE.

- <u>NHTSA Complaint, November 6, 2021, ID No. 11439558</u>: Good morning. Mitsubishi attempted fix at my hood flutter recall in July 2021 and problem still active. Hood bounces and flutters and is **very distracting**. There is no permanent fix at this time. Also, the forward collision included in the MiPilot is not active. When looking at the manual, the image of a "car" appears when system is engaged. For my vehicle, this is not showing as active. Again, no fix or remedy from dealer and Mitsubishi tech support. Very unsettling as this would really assist with distracted driving while the hood is bouncing around.

- <u>NHTSA Complaint, December 3, 2021, ID No. 11442597</u>: When driving on highway you the hood of the car fluttering and vibrating. **It is very scary** and I always feel like the hood is coming off.

9.      Had Plaintiff and the Class Members known about the Hood Defect, they would not have purchased the Class Vehicles or would have paid substantially less for them.

10.     Despite being notified of the Hood Defect from, among other things, pre-production testing, numerous consumer complaints (both to NHTSA and on Mitsubishi enthusiast websites),

5

warranty data, and dealership repair orders, Defendant has not recalled the Class Vehicles to repair the Hood Defect and has not offered to all of its customers a suitable repair or non-defective replacement hood.

11. Mitsubishi knew of and concealed the Hood Defect that is contained in every Class Vehicle, along with the attendant safety problems, from Plaintiff and the other Class Members both at the time of sale and repair, and thereafter.

12. As a result of their reliance on Defendant's omissions and/or misrepresentations, owners and/or lessees of the Class Vehicles have suffered ascertainable loss of money, property, and/or loss in value of their Class Vehicles.

13. Plaintiff has given Mitsubishi a reasonable opportunity to cure the Hood Defect, but Mitsubishi has been unable to do so within a reasonable time.

14. Mitsubishi's conduct constitute fraudulent concealment and is in violation of the Massachusetts Chapter 93A, M.G.L. 93A § 2, and constitutes a breach of express and implied warranties and the Magnuson-Moss Warranty Act.

15. Mitsubishi has and will continue to benefit from its unlawful conduct – by selling more vehicles, at a higher price, and avoiding warranty obligations – while consumers are harmed at the point of sale as their vehicles continue to suffer from the unremedied Hood Defect.

16. To remedy Mitsubishi's unlawful conduct, Plaintiff, on behalf of the proposed class members, seeks damages and restitution from Mitsubishi, as well as notification to class members about the defect.

## PARTIES

17. Plaintiff Jesse Rezendes ("Mr. Rezendes"), is an adult individual residing in Carver, Massachusetts.

18.     Defendant Mitsubishi Motors North America, Inc. is a Tennessee corporation with a principal place of business at 4031 Aspen Grove Drive, Franklin, Tennessee 37067.

19.     Defendant Mitsubishi Motors North America, Inc. through its various entities, designs, manufactures, markets, distributes, services, repairs, sells, and leases passenger vehicles, including the Class Vehicles, nationwide. Defendant Mitsubishi Motors North America, Inc., is the warrantor and distributor of the Class Vehicles in the United States.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiff and Class Members, and Mitsubishi are citizens of different states.

21.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff presents a claim under the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. As to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

22.     Personal jurisdiction and venue are proper in this District as Mitsubishi does substantial business in the Commonwealth of Massachusetts, is registered to and is doing business within the Commonwealth of Massachusetts, and otherwise maintains requisite minimum contacts with the Commonwealth of Massachusetts.  In addition, Plaintiff purchased his subject vehicle in this District and sought repairs regarding the defect at issue in this action within this District.

23.     Mitsubishi distributes the defective vehicles in this judicial District and receives substantial compensation and profits from the sale and lease of the defective vehicles in this

7

judicial District, and it has and continues to conceal and make material omissions in this judicial District so as to subject it to personal jurisdiction in this judicial District.

24.     Venue is also proper in this District because, like many other class members, significant and material aspects of the transactions relating to Plaintiff's purchase of his defective vehicle occurred within and were otherwise connected to this judicial District.

## JESSE REZENDES' INDIVIDUAL ALLEGATIONS

25.     In June 2021, Mr. Rezendes purchased a new 2022 Mitsubishi Outlander, Vehicle Identification Number JA4J4TA89NZ012935 (hereafter the "Rezendes Vehicle") from Central Mitsubishi in Raynham, Massachusetts, Defendant's authorized dealer (hereinafter "Central Mitsubishi").

26.     Prior to the sale, Central Mitsubishi assured Mr. Rezendes that the vehicle was accompanied by Mitsubishi's New Vehicle Limited Warranty[1] and was free from defects of workmanship.  Central Mitsubishi additionally assured Mr. Rezendes that the car was safe and reliable.

27.     Within mere weeks of purchase, the Rezendes Vehicle began suffering from the Hood Defect. Specifically, as Mr. Rezendes drove his vehicle at freeway speeds or in windy conditions, the hood fluttered and bounced.

---

[1]     A copy of the New Vehicle Limited Warranty is available at https://mcarsstatic.cachefly.net/pdf/owners/owners-manuals/2022-dg-warranty-manual.pdf (last visited February 1, 2022).  The warranty provides, *inter alia,* that "all parts of this Vehicle supplied by [Mitsubishi] (except batteries, adjustments required as a result of a manufacturing deficiency, air conditioner refrigerant charge, tires and items listed under the headings "OTHERS" and "WHAT IS NOT COVERED") are free from defects in materials or workmanship at the time of delivery. If such a defect in materials or workmanship appears during the first 5 years or 60,000 odometer miles, whichever occurs first, the part will be repaired or replaced by any Authorized Mitsubishi Motors Dealer or Authorized Service Center, using new or remanufactured Authorized Mitsubishi Motors parts.

28.     The Defect caused Mr. Rezendes to feel unsafe and concerned whether the hood would become unlatched and fly open when driving, and was a distraction whenever he drove his car at highway speeds or in windy conditions.

29.     Thus, soon thereafter in July 2021, Mr. Rezendes complained to Central Mitsubishi about the Hood Defect.

30.     In response, Central Mitsubishi told Mr. Rezendes there was no repair available to correct the Hood Defect and did not attempt any repair.

31.     Thereafter, on or about November 17, 2021, when the Rezendes Vehicle odometer read 6,400 miles, Mr. Rezendes took his vehicle to Central Mitsubishi and complained again about the Hood Defect again.

32.     This time, Central Mitsubishi, in accordance with the Mitsubishi's Technical Service Bulletins, attempted a repair by adjusting the hood latch and replacing all three hood weatherstrip seals.

33.     Nevertheless, despite such repair attempt, the Rezendes Vehicle continues to suffer from the Hood Defect.

34.     On February 1, 2022, Mr. Rezendes, through his counsel, sent a letter to Mitsubishi advising it that the Rezendes Vehicle suffered from the Hood Defect and still had not been repaired despite Plaintiff providing Mitsubishi multiple opportunities to cure the Hood Defect.

35.     At all times, Mr. Rezendes has driven his vehicle in a foreseeable manner and in the manner in which it was intended to be used.

**The Hood Defect**

36.    Mitsubishi Outlander is a compact crossover SUV manufactured by Japanese automaker Mitsubishi Motors.

37.    Defendant Mitsubishi Motors North America, Inc.  markets, distributes, sells, warrants, and services the Mitsubishi Outlander.

38.    In February 2021 Mitsubishi Motors unveiled the fourth generation of its Outlander SUV, as a 2022 model.

39.    Since then, Mitsubishi has sold thousands of model year 2022 Outlander vehicles.

40.    The Class Vehicles – which are the 2022 Mitsubishi Outlander vehicles – suffer from the Hood Defect, which causes the Class Vehicles' hood to flutter and bounce when driving at various speeds, driving in windy conditions, or driving over bumps. The hood flutters and bounces more violently as the vehicle's speed increases.

41.    The Hood Defect presents a safety hazard that renders the Class Vehicles unreasonably dangerous to consumers because the bouncing and fluttering of the hood causes the drivers to be concerned that hood may be getting unlatched and may open at any moment and thus draws their attention to the Defect and away from the other vehicles or pedestrians.

42.    Mitsubishi had and has a duty to fully disclose the true nature of the Hood Defect to Class Vehicles owners, because the Hood Defect poses an unreasonable safety hazard; because Mitsubishi had and has exclusive knowledge or access to material facts about the Class Vehicles' hood that were and are not known to or reasonably discoverable by Plaintiff and the other Class Members; and because Mitsubishi has failed to disclose the Hood Defect to its customers. Because

10

the hoods in each Class Vehicles are defective, each Class Vehicles' hood should be repaired by Mitsubishi free of charge regardless of whether the hood is exhibiting fluttering or not.

<u>**Mitsubishi's Knowledge of the Hood Defect**</u>

43.     Mitsubishi became aware of the Hood Defect before the Class Vehicles went on sale in February 2021 through sources not available to Plaintiff and Class Members, including, but not limited to, pre-production testing, pre-production design failure mode and analysis data, production design failure mode and analysis data, early consumer complaints made exclusively to Mitsubishi's network of dealers and directly to Mitsubishi, aggregate warranty data compiled from Mitsubishi's network of dealers, testing conducted by Mitsubishi in response to consumer complaints, and repair order and parts data received by Mitsubishi from Mitsubishi's network of dealers.

44.     During the pre-release process of designing, manufacturing, engineering, and testing the Class Vehicles which would necessarily have taken place prior to February 2021, Mitsubishi, directly and/or through its agents or affiliated companies in the supply chain, necessarily would have gained comprehensive and exclusive knowledge about the Class Vehicles' hoods: the types and properties of materials used to make them and/or parts and components responsible for securing the hoods, including their durability and whether those materials would weaken over time regardless of wear and use; the basic engineering principles behind their construction; the forces and stresses the hoods and/or parts and components responsible for securing the hoods would face; when and how the hoods and/or parts and components responsible for securing the hoods would fail to operate as intended; the passage of time, and environmental factors.

11

45.     An adequate pre-release analysis of the design, engineering, and manufacture of the hoods and surrounding parts and components used for the Class Vehicles would have revealed to Mitsubishi that the hoods were insufficiently secured when operating the vehicle. Thus, during the pre-release design stage of the Class Vehicles, Mitsubishi would have known that the hood and/or parts and components responsible for securing the hood chosen for the Class Vehicles were defective and would pose a safety risk to owners/lessees and the motoring public.

46.     Upon information and belief, Mitsubishi also would have known about the Hood Defect because of the higher than expected number of warranty repair claims submitted to Mitsubishi by its dealers, which should have alerted Mitsubishi that these parts or components were defective. Upon information and belief, Mitsubishi service centers submit to Mitsubishi claims to be reimbursed for repairs they performed under Mitsubishi's warranties. Therefore, Mitsubishi would have detailed and accurate data regarding the number and frequency of repairs performed that involved the hood and/or parts and components responsible for securing the hood. The ongoing reimbursement for repairs that involved the hood and/or parts and components responsible for securing the hood was known to Mitsubishi and would have alerted Mitsubishi that its hoods were not properly secured and posed a safety risk early on.

47.     Mitsubishi also knew about the Hood Defect because numerous consumer complaints regarding hoods fluttering were made directly to Mitsubishi. The large number of complaints, and the consistency of their descriptions of hoods fluttering alerted Mitsubishi to this serious Defect affecting the Class Vehicles.  The full universe of complaints made directly to Mitsubishi about the Hood Defect is information presently in the exclusive custody and control of Mitsubishi and is not yet available to Plaintiff prior to discovery.  However, upon information and

12

belief, many Class Vehicle owners complained directly to Mitsubishi and Mitsubishi dealerships and service centers about the repeated incidents of hoods fluttering in their Class Vehicles.

48.     Further, by March 2021 Mitsubishi began issuing bulletins to its dealerships acknowledging that the Class Vehicles suffer from the Hood Defect and proposing (inadequate) repair attempts and thus sometime prior to March 2021 Mitsubishi had already learned of and performed an investigation regarding the Hood Defect.

**Mitsubishi Technical Service Bulletins about the Hood Defect**

49.     Mitsubishi began investigating the Hood Defect as soon as the Class Vehicles went on sale, if not before.

50.     In March 2021, Mitsubishi issued a Technical Service Bulletin ("TSB") to its dealers No. TSB-21-42A-001. The TSB applied to all U.S. 2022 Outlander vehicles.

51.     In that TSB Mitsubishi said:

> A hood flutter may occur on 2022 Outlanders. This is caused by improper Hood Latch and Bumper height alignment.
>
> The Hood Latch and Bumper Height must be adjusted to resolve this condition.  Please refer to the procedure below.

52.     Further, the TSB said that if "an affected vehicle is reported with the described condition," dealer shall "diagnose the condition, repair as described in this bulletin and submit a normal warranty claim" to Mitsubishi.

53.     Thus, in its March 2021 TSB Mitsubishi admitted the Class Vehicles may suffer from the Hood Defect and instructed its dealers to adjust the hood latch and bumper heights to correct the Defect.

54.     However, these measures failed to resolve the Hood Defect and on April 16, 2021, Mitsubishi issued to all its service and parts managers a directive titled "2022 Outlander Hood Flutter Adjustment Special Customer Satisfaction Campaign."

13

55.     As its purpose, the directive said:

> Please use the following procedure on all 2022 Outlander vehicles (EXCLUDING ES MODELS) - currently in your inventory and those that will be arriving at your dealership in April - to install countermeasure weather-strips to resolve a hood flutter centered around air intrusion to the engine compartment. This procedure is in addition to TSB-21-42A-001 and will ensure that the wind intrusion is minimized.
>
> One set of parts will be automatically shipped for each vehicle currently in your inventory and anticipated shipments (EXCLUDING ES MODELS) received in April.

56.     Thus, in this April 2021 directive Mitsubishi recognized that air intrusion causes the Class Vehicles' hoods to flutter and introduced a countermeasure, in addition to performing adjustments per TSB-21-42A-001, to replace three weather-strips that attach to the hood.

57.     Despite its knowledge of the Hood Defect and apparent inability to fix it, Mitsubishi has continued selling and leasing vehicles with the Hood Defect without disclosing the same to Class Vehicle owners and to new Class Vehicles purchasers or lessees. Indeed, Plaintiff purchased his vehicle in June 2021 and was not aware of the Hood Defect at or before the time of sale.

58.     On June 3, 2021, Mitsubishi issued a revised TSB-21-42A-001, called "TSB-21-42A-001REV2," the purpose of which was "to provide clean points for the Hood Latch Adjustments."

59.     In addition, TSB-21-42A-001REV2 now stated that hood flutter may occur only on certain 2022 Outlanders produced prior to March 25, 2021.

60.     However, less than three weeks later Mitsubishi issued TSB-21-42A-005 on June 22, 2021 titled "Hood Flutter," in which Mitsubishi advised dealers that all 2022 Outlanders produced prior to May 12, 2021 may suffer from the Hood Defect and are in need of repair.

61.     In TSB-21-42A-005 Mitsubishi advised that "Countermeasure front end and grill side (both LH/RH sides) weather strips with internal padding have been incorporated into

14

production as of May 2021, to *minimize* the hood flutter." (emphasis supplied). Mitsubishi thus admitted this counter measure merely minimized but had not resolved the Hood Defect.

62.     Notably, despite its knowledge of the Hood Defect and inability to repair it, Mitsubishi has continued selling and leasing vehicles with the Hood Defect without disclosing the same to Class Vehicle owners and to new Class Vehicles purchasers or lessees.

63.     Moreover, Mitsubishi's TSB-21-42A-005 instructed the dealers to perform the Hood Defect repairs "on a customer complaint basis only."

64.     Six months later, in December 2021, Mitsubishi issued TSB-21-42A-011 titled "Modified Hood For Hood Flutter - 2022 Outlander."

65.     TSB-21-42A-011 applied to all 2022 Outlander vehicles and instructed dealers to install a new modified and allegedly reinforced hood.

66.     However, in a letter issued to the dealers on December 21, 2021, Mitsubishi said "there is an extremely limited number of new hoods currently available."

67.     As a result of the "extremely limited number of new hoods currently available," Class Vehicle owners continue to complain that they are not given replacement hoods following the December 20201 TSB.  For instance, one Class Vehicle owner complained on January 19, 2022 that they "had taken the vehicle to the dealer on multiple occasions [regarding the Hood Defect] and was recently informed that it would take approximately 4 to 5 months before the hood could be replaced." (NHTSA Complaint, January 19, 2022, ID No. 11448069).  Likewise, on January 25, 2022 another Class Vehicle owner complained that she had already notified the manufacturer and dealer and was told that "a new hood would be ordered however, there was no arrival date available" and "[t]he vehicle had yet to be repaired." (NHTSA Complaint, January 25, 2022, ID No. 11448824).  And on January 31, 2022 another owner complained that "[t]he dealer

told me several times since 2021 November that the manufacturer should have a new hood within one month and it's about to February and it still isn't fixed!" (<u>NHTSA Complaint, January 31, 2022, ID No. 11449500</u>).

<u>**The NHTSA Complaints and Online Discussions of the Hood Defect**</u>

68. Upon information and belief, thousands of purchasers and lessees of the Class Vehicles have experienced the Hood Defect. The below example complaints concerning 2022 Mitsubishi Outlander vehicles, filed by consumers with the NHTSA and posted on the Internet, which on information and belief Mitsubishi actively monitored during the relevant time period, demonstrate that the Hood Defect is widespread and dangerous and that Mitsubishi has known about the defect at all relevant times:

- <u>NHTSA Complaint, July 21, 2021, ID No. 11421741</u>: I just bought a 2022 Mitsubishi Outlander and I noticed while driving on the highway around 60 to 70 MPH the hood is fluttering. I checked the hood just to make sure it was not unlatched and it was secured but the hood continues to flutter looking like it wants to open during highway driving.

- <u>NHTSA Complaint, July 31, 2021, ID No. 11427249</u>: The front hood is structurally weak, causing flexing, bouncing, and fluttering. When driving over 55 mph, you feel as though the hood is going to open up while driving. It is a very unsettling and unsafe feeling when driving on the highway. You feel as though the hood is going to open up and smash against the windshield. When driving on surface streets where there are bumps in the road, the hood moves a lot.

- <u>NHTSA Complaint, August 23, 2021, ID No. 11430174</u>: At 45mph and above the hood flutters violently.

- <u>NHTSA Complaint, August 23, 2021, ID No. 11430120</u>: I have taken my SUV for to updates in regaurds to repairing the hood that shakes and bounces. It moves up and down when going down the road fast or slow. Its not only the wind that causes this it is also bumps in the road. It oftem seams the hood will fly up and can be pretty scarry. I fewel something needs to be done to help support the hood and make it samefer. If it keeps moving metal fatigue could occure and cause a safety issue that could lead to a death.

16

- <u>NHTSA Complaint, August 25, 2021, ID No. 11430424</u>: Hood raises and flutters at speeds greater than 60 miles per hour. It has been taken to the dealership to be fixed and the issue continues.

- <u>NHTSA Complaint, September 7, 2021, ID No. 11431960</u>: My 2022 Mitsubishi Outlander hood vibrates during drives. The vibration starts when the car is moving around 35 - 40 mph or more. I confirmed that it was properly closed, but it concerns me because this repetitive movement may loosen the hood locking system during any future drive. This problem may cause a potentially fatal accident.

- <u>NHTSA Complaint, September 11, 2021, ID No. 11432608</u>: Has significant hood movement at speeds over 50 mph.

- <u>NHTSA Complaint, October 18, 2021, ID No. 11437269</u>: Going down the highway and the hood start to look like it's coming off the car.

- <u>NHTSA Complaint, October 19, 2021, ID No. 11437314</u>: The contact owns a 2022 Mitsubishi Outlander. The contact stated while driving 50 MPH, she saw that the hood was slightly opening and closing. The contact stated no warning light was illuminated. The contact took the vehicle to the local dealer, where it was diagnosed with needing the hood latch to be adjusted. The vehicle was repaired but continued to experience failure. The contact took the vehicle back for the second time to the local dealer, where it was diagnosed with needing the hood to be filled with epoxy. The vehicle was repaired but continued to experience failure. The contact took the vehicle back for a third time to the local dealer, where it was diagnosed with needing the windshield guard to be added to the hood. The vehicle was repaired but continued to experience failure. The contact took the vehicle back for the fourth time to the local dealer but the vehicle was not diagnosed or repaired. The manufacturer had been informed of the failure. The failure mileage was approximately 430.

- <u>NHTSA Complaint, October 21, 2021, ID No. 11437717</u>: The contact owns a 2022 Mitsubishi Outlander. The contact stated while driving approximately 45 MPH, the hood started to vibrate abnormally. The contact was concerned that the hood would open inadvertently. The vehicle was taken to a local dealer and was diagnosed with needing weather-stripping to be replaced. The vehicle was not repaired. The manufacturer was not informed of the failure. The failure mileage was approximately 8.

- <u>NHTSA Complaint, October 23, 2021, ID No. 11437923</u>: The hood shakes during operation of the vehicle. It seems to be latched but it seems like it is going to open at anytime driving at higher speeds.

17

- NHTSA Complaint, October 29, 2021, ID No. 11438620: At higher highway speeds the hood gets air under it, causing the hood to "flutter" or "bounce". At higher speeds it looks like the hood could almost fly up. I feel very unsafe driving with this, i've been told it can't make my hood fly up, but i worry about it everytime i drive.

- NHTSA Complaint, October 31, 2021, ID No. 11438815: Hood has a flutter when reaching certain speeds and hitting bumps.

- NHTSA Complaint, November 2, 2021, ID No. 11439003: CAR ENGINE HOOD SHAKES VIOLENTLY AT SPEEDS HIGHER THAN 45 MILES PER HOUR. THE HIGHER THE SPEEND THE MORE IT SHAKES. MY WIFE IS AFRAID TO DRIVE IT. MANY OTHER OWNERS ARE COMPLAINING OF SAME ISSUE AND HAVE TAKEN OUTLANDER IN FOR SERVICE WITHOUT FAVORORABLE RESULTS. ISSUE STILL PERSISTS. I WILL TAKE MY OUTLANDER FOR SERVICE AS SOON AS I AM ABLE.

- NHTSA Complaint, November 6, 2021, ID No. 11439558: Good morning. Mitsubishi attempted fix at my hood flutter recall in July 2021 and problem still active. Hood bounces and flutters and is very distracting. There is no permanent fix at this time. Also, the forward collision included in the MiPilot is not active. When looking at the manual, the image of a "car" appears when system is engaged. For my vehicle, this is not showing as active. Again, no fix or remedy from dealer and Mitsubishi tech support. Very unsettling as this would really assist with distracted driving while the hood is bouncing around.

- NHTSA Complaint, November 10, 2021, ID No. 11440049: When this vechile reaches speed over 45 miles per hour..the front hood .flutters and shakes as if it's going to fly open blocking the driver from seeing the road..also over time the vibration will crack the latch.making it a deadly dangerous situation..thanks

- NHTSA Complaint, November 10, 2021, ID No. 11440039: the hood of the car flutter could cause an accident.

- NHTSA Complaint, November 26, 2021, ID No. 11441422: The vehicles hood shakes and flutters when traveling above approximately 45mph and gets worse the faster vehicle travels. I fear this is causing excess wear on the hood latch and the hood will eventually fly up causing driver to be unable to see. Been like this since new. Has been back go dealership twice with no fix.

- NHTSA Complaint, November 26, 2021, ID No. 11441725: When driving at freeway speeds in windy condition, the hood shakes and flexes in a frightening manner, suggesting that the hood could be flying open at any moment. This is visible and

18

upsetting from a driver or passenger viewpoint. My first impression was that the hood was made of too thin metal and that certain wind dynamics at highway speeds causes this shocking flexing and shaking. This was a brand new vehicle with under 100 miles on it. The next day I returned the vehicle to the dealer and they returned my down payment check that I had given then two days earlier, thus cancelling the deal. It seems they had heard of this issue before.

- NHTSA Complaint, December 1, 2021, ID No. 11442304: At higher speeds 55+ the hood of the car flexes and moves violently as if it were not completely latched. Upon further inspection once I stopped the hood was properly latched.

- NHTSA Complaint, December 3, 2021, ID No. 11442597: When driving on highway you the hood of the car fluttering and vibrating. It is very scary and I always feel like the hood is coming off.

- NHTSA Complaint, December 3, 2021, ID No. 11442581: The hood flutters at any speed or if u hit a bump to the point it is not safe.

- NHTSA Complaint, December 6, 2021, ID No. 11442863: The hood flutters violently while driving. The manufacturer has already issued a TSB to try to fix the issue but it has not. There are hundreds if not thousands of complaints online about this issue. I'm afraid that the hood may fly up while driving.

- NHTSA Complaint, December 14, 2021, ID No. 11443837: Since having purchased the vehicle in October 2021, the hood flutters/vibrates whenever the vehicle is being driven at speeds of 60MPH or more. The faster the vehicle drives, the more violently the hood flutters/vibrates. We have taken it to the dealer for repair, and they informed us that Mitsubishi is aware of the issue but they have yet to issue repair or do a recall. After speaking with Mitsubishi Corporate in the US, they said they are not planning to do a recall or offer a timeframe for a repair, but fully admitted to being aware of the issue, After doing research online, I found that many if not most of the 2022 Outlanders have this very serious issue. Not only is it scary driving with the hood vibrating, but it will cause unnecessary wear and tear on the vehicle and possibly cause a catastrophic incident. The vehicle is readily available for inspection. We want Mitsubishi to do the right thing and recall the vehicle and provide a permeant fix ASAP.

- NHTSA Complaint, December 28, 2021, ID No. 11445354: The hood is fluttering after 25mph.

- NHTSA Complaint, December 29, 2021, ID No. 11445495: The hood shakes when driving above 40MPH, it increases intensity as you drive faster, feeling like it will come unlatched, resulting in an accident. Is there going to be a recall for this?

- <u>NHTSA Complaint, January 1, 2022, ID No. 11445809</u>: The hood flutters or bounces at any speed over 30. Gets significantly worse the faster you go making you feel unsafe like the hood will fly open. Even on bumps the hood shakes. There are no recalls and most dealerships are offering temporary fixes. Mitsubishi is aware of the problem but not doing anything about it. I've done research and this is a huge issue with this model. No owner has been given a good "fix."

- <u>NHTSA Complaint, January 2, 2022, ID No. 11445853</u>: When the vehicle goes above 50 mph the hood begins to move in a fluttering manner. The faster you go the worse the hood moves.

- <u>NHTSA Complaint, January 2, 2022, ID No. 11446066</u>: The hood of my vehicle is always shaky and seems that it would come off the engine whenever I accelerate on the highway and when the vehicle is operating in a high wind environment. Why? This incident is happening always.

- <u>NHTSA Complaint, January 3, 2022, ID No. 11445965</u>: I purchased this vehicle on 12/24/2021. After purchasing and driving off the lot, I noticed a significant amount of hood fluttering. Irrespective of the speed , the flutter is significant and a distraction and can affect one driving safely.

- <u>NHTSA Complaint, January 3, 2022, ID No. 11445964</u>: I purchased this vehicle on 12/24/2021. Today 01/03/2022 I was taking it to the dealership for a very severe case of the hood fluttering and my forward collision warning came on for no reason and began flashing and I got the message that the system is off. I informed the dealership about it and they said there was some glitch in the system and they reset it. At about one mile from home after leaving the dealership, the same warning came on. I'm afraid that in an emergency situation where and when needed the system will not respond as designed.

- <u>NHTSA Complaint, January 14, 2022, ID No. 11447558</u>: Hood shakes with speeds greater than 30mph. When on the highway the shaking is violent and it seems the hood will fly open. The shops I have called say Mitsubishi is aware of the issue and not fixing it at this time.

- <u>NHTSA Complaint, January 14, 2022, ID No. 11447520</u>: My vehicle hood is shaking/fluttering as if it is not latched properly. I am concerned this may fly up and cause an accident. I have had my vehicle less than a month.

- <u>NHTSA Complaint, January 17, 2022, ID No. 11447774</u>: When driver at a speed of 45 or higher the hood vibrates looks as though it's going to come up or fly off. It's very concerning need this fixed asap.

20

- <u>NHTSA Complaint, January 19, 2022, ID No. 11448069</u>: The contact owns a 2022 Mitsubishi Outlander. The contact stated that while driving at various speeds, the hood would raise up however, the hood latch kept the hood from opening. The contact had taken the vehicle to the dealer on multiple occasions and was recently informed that it would take approximately 4 to 5 months before the hood could be replaced. The manufacturer was notified of the failure and promised the contact a callback, however, the contact had not yet received a callback. The vehicle was not repaired. The failure mileage was 0.

- <u>NHTSA Complaint, January 22, 2022, ID No. 11449262</u>: When driving 65mph on highway hood flutters. This is causing anxiety thinking hood will become loose. I've spoken to the dealership and they did assure me that it will not However it's impossible to say that it would never happen. This is a huge safety issue and something that needs to be rectified.

- <u>NHTSA Complaint, January 25, 2022, ID No. 11448824</u>: The contact owns a 2022 Mitsubishi Outlander. The contact stated that while driving at various speeds, the hood would vibrate and lift up without warning. She also stated that the failure would occur while driving over bumps or while passing large vehicles. The contact had taken the vehicle to the dealer where she was initially informed that there was no remedy for the failure. The manufacturer was also notified of the failure and referred her back to the dealer for assistance. The dealer stated that a new hood would be ordered however, there was no arrival date available. The vehicle had yet to be repaired. The failure mileage was approximately 1,700.

- <u>NHTSA Complaint, January 31, 2022, ID No. 11449500</u>: Upon purchasing a BRAND new 2022 vehicle you expect the vehicle to be in great shape with no cosmetic issues nor issues under the hood well that wasn't the case for me. I test drove the vehicle locally and it was fine. After a couple weeks I needed to drive on I95 and when I got up close to 60MPH THE HOOD STARTED FLUTTERING LIKE IT WAS ABOUT TO BLOW OFF! I was freaking out and swerved because I was watching the hood praying f it wouldn't fly off! My kids were in the vehicle with me as well. I called and spoke with Mitsubishi and they offered a temporary sealant that "could" stop the fluttering. It didn't! I contacted them immediately and informed them this has to be replaced or fixed correctly! I've been going back and forth with the dealer and WellsFargo to cancel the loan and get my money back! The dealer told me several times since 2021 November that the manufacturer should have a new hood within one month and it's about to February and it still isn't fixed!

- <u>NHTSA Complaint, February 7, 2022, ID No. 11450725</u>: The car hood doesn't close tight enough and it feels like it will come open when driving on highway with high

speed. Lots of vibration and movement in the hood cover. It feels like it is not securely shutt .

69.     In addition to the above NHTSA complaints, consumers were discussing the Hood Defect online on Outlander-enthusiast websites as early as July 24, 2021.[2] Upon information and belief, Mitsubishi regularly monitored these websites.

70.     Although Mitsubishi was aware of the widespread nature of the Hood Defect in the Class Vehicles, and that it posed safety risks, Mitsubishi has failed to take adequate steps to notify all Class Vehicle owners of the Hood Defect and provide relief.

71.     Customers have reported the Hood Defect in the Class Vehicles to Mitsubishi directly and through its dealers. Defendant is fully aware of the Hood Defect contained in the Class Vehicles. Nevertheless, Defendant actively concealed the existence and nature of the Defect from Plaintiffs and the other Class Members at the time of purchase and thereafter.  Specifically, Defendant:

   a.   failed to disclose, at the time of purchase and thereafter, any and all known material defects or material nonconformities of the Class Vehicles, including the Hood Defect;

   b.   failed to disclose, at the time of purchase and thereafter, that the Class Vehicles and their hoods were not in good working order, were defective, and were not fit for their intended purpose; and,

---

[2]     *See* https://www.outlanderforums.com/threads/front-hood-issue-with-new-2022-outlander.166/ (discussions and complaints about Hood Defect was topic of conversation as of July 24, 2021) (last visited February 4, 2022); https://www.facebook.com/groups/865252344420006/?ref=share (discussions and complaints about Hood Defect was topic of conversation as of September 18, 2021).

22

c. failed to disclose and/or actively concealed the fact that the Class Vehicles and their hoods were defective, despite the fact that Defendant learned of the Hood Defect as early as March 2021, if not before.

72. Defendant has deprived Class Members of the benefit of their bargain and exposed them all to a dangerous safety Hood Defect.

73. Defendant has not recalled the Class Vehicles to repair the Hood Defect and has not made available to all of its customers a suitable repair or replacement of parts related to the Hood Defect.

74. Class Members have not received the value for which they bargained when they purchased or leased the Class Vehicles.

75. As a result of the Hood Defect, the value of the Class Vehicles has diminished, including without limitation, the resale value of the Class Vehicles. Reasonable consumers, like Plaintiff, expect and assume that a vehicle's hood is not defective and will not flutter and bounce when driving. Plaintiff and Class Members further expect and assume that Mitsubishi will not sell or lease vehicles with known safety defects, such as the Hood Defect, and will fully disclose any such defect to consumers prior to purchase or offer a suitable non-defective repair. They do not expect that Mitsubishi would fail to disclose the Hoof Defect to them, and then purport to remedy the defect with an underinclusive and inadequate Technical Service Bulletins.

## CLASS ACTION ALLEGATIONS

### A. The Classes

76. Plaintiff brings this case as a class action on behalf of a nationwide class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).

**Nationwide Class:** All persons or entities in the United States who bought or leased any 2022 Mitsubishi Outlander (the "Nationwide Class").

77.     Plaintiff seeks to represent the following state-specific classes pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), 23(b)(3), and/or Fed. R. Civ. P. 23(c)(5):

> **Massachusetts Class:** All persons who purchased or leased any 2022 Mitsubishi Outlander the Commonwealth of Massachusetts (the "Massachusetts Class").

78.     Defendant and its employees or agents are excluded from the Class.

## B. <u>Numerosity</u>

79.     Upon information and belief, the Classes are each so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Classes are unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that thousands of Class Vehicles have been sold and leased Nationwide and in the Commonwealth of Massachusetts.

## C. <u>Common Questions of Law and Fact</u>

80.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

a.      whether the Class Vehicles suffer from the Hood Defect;

b.      whether the Hood Defect constitutes an unreasonable safety hazard;

c.      whether Defendant knows about the Hood Defect and, if so, how long Defendant has known of the Defect;

d.      whether the defective nature of the Class Vehicles' hood constitutes a material defect;

e.      whether Defendant had and has a duty to disclose the defective nature of the Class Vehicles' hood to Plaintiff and the other Class Members;

24

f. whether Plaintiff and the other Class Members are entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction;

g. whether Defendant knew or reasonably should have known of the Hood Defect contained in the Class Vehicles before it sold or leased them to Class Members; and

h. Whether Defendant breached its express warranty and the implied warranty of merchantability and whether Defendant violated the Massachusetts Chapter 93A, M.G.L. 93A § 2., as alleged in this Complaint.

**D.   Typicality**

81.     The Plaintiff's claims are typical of the claims of the Classes since Plaintiff purchased defective Class Vehicle, as did each member of the Classes. Furthermore, Plaintiff and all members of the Classes sustained economic injuries arising out of Defendant's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

**E.   Protecting the Interests of the Class Members**

82.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue this action.

**F.   Proceeding Via Class Action is Superior and Advisable**

83.     A class action is the superior method for the fair and efficient adjudication of this controversy. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of

25

the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, inter alia, Defendant's vehicle identification numbers, warranty claims, registration records, and database of complaints.

84.     Defendant has acted, and refused to act, on grounds generally applicable to the Classes, thereby making appropriate final equitable relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
**Breach of Express and Implied Warranties Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.***
**(Plaintiff on behalf of the Nationwide Class or in the alternative the Massachusetts Class)**

85.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86.     Plaintiff and members of the Class are each a "consumer" as defined in 15 U.S.C. § 2301(3).

87.     Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

88.     The Class Vehicles are each a "consumer product" as defined in 15 U.S.C. § 2301(6).

89.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

26

90.     15 U.S.C. § 2304(a)(1) requires Defendant, as warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicles within a reasonable time and without charge to the Plaintiff.

91.     Defendant's sale of the defective Class Vehicles to Plaintiff and putative class members, and Defendant's failure to repair the Class Vehicles' Hood Defect within a reasonable period of time and/or a reasonable number of attempts, constitutes a breach of the written and implied warranties applicable to the Class Vehicles.

92.     Defendant's breaches of the written and implied warranties constitute a breach of the Magnusson-Moss Warranty Act, 15 U.S.C. §2301, *et seq.*

93.     As a result of Defendant's breaches of the written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, Plaintiff and class members have suffered damages.

**SECOND CAUSE OF ACTION**
**Fraudulent Concealment**
**(Plaintiff on behalf of the Nationwide Class or in the alternative the Massachusetts Class)**

94.     Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

95.     Prior to selling the Class Vehicles to Plaintiff and the Class, Defendant knew that the Class Vehicles suffered from the Hood Defect.

96.     By failing to disclose and concealing the Hood Defect from Plaintiff and Class Members, Defendant  concealed and suppressed material facts concerning the performance and quality of the Class Vehicles.

97.     Defendant was under a duty to Plaintiffs and the Class Members to disclose the Hood Defect and/or the associated repair costs because:

27

a. Defendant was in a superior position to know the true state of facts about the Class Vehicles' Hood Defect

b. Defendant knew that the Class Vehicles suffered from an inherent defect, were defectively designed or manufactured, and were not suitable for their intended use;

c. Defendant made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles and the Hood Defect; and

d. Defendant actively concealed the defective nature of the Class Vehicles and their Hood Defect from Plaintiff and Class Members.

98. On information and belief, Mitsubishi still has not made full and adequate disclosures, and continues to defraud consumers by concealing material information regarding the Hood Defect and the performance and quality of Class Vehicles.

99. The facts concealed or not disclosed by Defendant to Plaintiff and Class Members are material in that a reasonable person would have considered them to be important in deciding whether or not to purchase the Class Vehicles.

100. Plaintiff and the Class relied on Defendant to disclose material information it knew, such as the Hood Defect in the Class Vehicles, and not to induce them into a transaction they would not have entered had the Defendant disclosed this information.

101. By failing to disclose the Hood Defect, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

102. The facts concealed or not disclosed by Defendant to Plaintiff and the other Class Members are material because a reasonable consumer would have considered them to be important in deciding whether or not to purchase the Class Vehicles, or to pay less for them.

103.   Had Plaintiff and other Class Members known that the Class Vehicles suffer from the Hood Defect, they would not have purchased the Class Vehicles or would have paid less for them.

104.   Plaintiff and the other Class Members are reasonable consumers who do not expect that their vehicles will suffer from the Hood Defect.  That is the reasonable and objective consumer expectation for vehicles and their front windshields.

105.   As a result of Defendant's misconduct, Plaintiff and the other Class Members have been harmed and have suffered actual and economic damages in that the Class Vehicles and their hoods are defective and require repairs or replacement and are worth less money because of the Hood Defect.

106.   Accordingly, Mitsubishi is liable to Plaintiff and Class Members for damages in an amount to be proven at trial.

107.   Mitsubishi's actions and omissions were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and the Class's rights and well-being, to enrich Mitsubishi. Mitsubishi's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

108.   Furthermore, as the intended and expected result of its fraud and conscious wrongdoing, Mitsubishi has profited and benefited from Plaintiff's and Class Members' purchase of Class Vehicles containing the Hood Defect. Mitsubishi has voluntarily accepted and retained these profits and benefits with full knowledge and awareness that, as a result of Mitsubishi's misconduct alleged herein, Plaintiff and Class Members were not receiving vehicles of the quality,

nature, fitness, or value that had been represented by Mitsubishi, and that a reasonable consumer would expect.

109.   Mitsubishi has been unjustly enriched by its fraudulent, deceptive, and otherwise unlawful conduct in connection with the sale and lease of Class Vehicles and by withholding benefits from Plaintiffs and Class Members at the expense of these parties. Equity and good conscience militate against permitting Mitsubishi to retain these profits and benefits, and Mitsubishi should be required to make restitution of its ill-gotten gains resulting from the conduct alleged herein.

**THIRD CAUSE OF ACTION**
**Unjust Enrichment**
**(Plaintiff on behalf of the Nationwide Class or in the alternative the Massachusetts Class)**

110.   Plaintiff incorporates by reference all allegations contained in this Complaint as though fully stated herein.

111.   Mitsubishi has long known that about the Hood Defect which it concealed and failed to disclose to Plaintiff and Class Members.

112.   As a result of its fraudulent acts and omissions related to the Hood Defect, Mitsubishi obtained monies which rightfully belong to Plaintiff and the Class Members to the detriment of Plaintiff and Class Members.

113.   Mitsubishi appreciated, accepted, and retained the non-gratuitous benefits conferred by Plaintiffs and the proposed Class Members who, without knowledge of the Windshield Defect, paid a higher price for their vehicles which actually had lower values. Mitsubishi also received monies for vehicles that Plaintiff and the Class Members would not have otherwise purchased or leased.

30

114. It would be inequitable and unjust for Mitsubishi to retain these wrongfully obtained profits.

115. Mitsubishi's retention of these wrongfully obtained profits would violate the fundamental principles of justice, equity, and good conscience.

116. As a result of Defendant's unjust enrichment, Plaintiff and Class Members have suffered damages.

117. Plaintiff does not seek restitution under their Unjust Enrichment claim. Rather, Plaintiff and Class Members seek non-restitutionary disgorgement of the financial profits that Defendant obtained as a result of its unjust conduct.

118. Additionally, Plaintiff seeks injunctive relief to compel Defendant to offer, under warranty, remediation solutions that Defendant identifies. Plaintiff also seeks injunctive relief enjoining Defendant from further deceptive distribution, sales, and lease practices with respect to Class Vehicles, enjoining Defendant from selling the Class Vehicles with the misleading information; compelling Defendant to provide Class members with replacement components that do not contain the defects alleged herein; and/or compelling Defendant to reform its warranty, in a manner deemed to be appropriate by the Court, to cover the injury alleged and to notify all Class Members that such warranty has been reformed. Money damages are not an adequate remedy for the above requested non-monetary injunctive relief.

## FOURTH CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability**
**Pursuant to M.G.L. 106 § 2A-314**
**(Plaintiff on behalf of the Massachusetts Class)**

119. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

120. Defendant is a merchant with respect to motor vehicles.

31

121.   Plaintiff's Rezendes Vehicle and Class Vehicles were each subject to implied warranties of merchantability, as defined in M.G.L. 106 § 2A-314, running from the Defendant to the Plaintiff and putative class members.

122.   An implied warranty that the Rezendes Vehicle and Class Vehicles were merchantable arose by operation of law as part of the purchase of the subject vehicles.

123.   Defendant breached the implied warranty of merchantability because as a result of the Hood Defect, the Rezendes and Class Vehicles and were not in merchantable condition when the Plaintiff and putative class members purchased them, or at any time thereafter, and the subject vehicles are unfit for the ordinary purposes for which such vehicles are used.

124.   Plaintiff and Class Members used their Class Vehicles for the ordinary purpose that consumer automobiles are used — to transport passengers and belongings reliably, comfortably, and safely for personal, family, or-household purposes.

125.   Despite Plaintiff's and Class Members' ordinary and-expected use of their vehicles, the Class Vehicles did not adhere to minimal consumer expectations, were not of fair and average quality, and would not pass without objection in the consumer automotive industry at the time of sale.

126.   Plaintiff notified Defendant of the defects in the Rezendes Vehicle within a reasonable time after Plaintiff discovered them.

127.   As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff and Class Members have suffered damages in an amount to be determined at trial.

128.   Plaintiff, individually, and on the Class, seeks all damages permitted by law, including compensation for the monetary difference between the Class Vehicles as warranted and

as sold; compensation for the reduction in resale value; compensation for out-of-pocket repairs and service; towing and rental charges incurred as a result of the Class Vehicles' defect; the cost of purchasing, leasing, or renting replacement vehicles; along with all other incidental and consequential damages, statutory attorney fees, and all other relief allowed by law.

**FIFTH CAUSE OF ACTION**
**Breach of Express Warranty Pursuant to M.G.L. 106 § 2A-314**
**(Plaintiff on behalf of the Massachusetts Class)**

129.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

130.    In connection with the sale or lease of the Class Vehicles to Plaintiff and Class Members, Defendant provided Plaintiff and Class Members with a New Vehicle Limited Warranty, under which it agreed to repair original components found to be defective in material or workmanship, for the five year or 60,000 mile period following the date of the original retail delivery or date of first use.

131.    Plaintiff and Class Members relied on Defendant's warranties when they agreed to purchase or lease the Class Vehicles and Defendant's warranties were part of the basis of the bargain.

132.    Plaintiff and Class Members have given Defendant reasonable opportunities to cure the Hood Defect plaguing their respective vehicles, but Defendant has been unable and/or refused to do so within a reasonable period of time.

133.    Defendant breached these express warranties in that the subject vehicles are plagued by problems that substantially impair the subject vehicles' use, safety and value to the Plaintiff.

134.    As a result of said nonconformities, Plaintiff and Class Members cannot reasonably rely on their vehicles for the ordinary purpose of safe, comfortable and efficient transportation.

33

135.     As a result of Defendant's breach of express warranties, Plaintiff and putative class members have been damaged.

**SIXTH CAUSE OF ACTION**
**Violation of M.G.L. 93A § 2, *et seq.***
**(Plaintiff on behalf of the Massachusetts Class)**

136.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

137.     Chapter 93A, M.G.L. 93A § 2, prohibits and declares unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

138.     Defendant violated M.G.L. 93A § 2 when it sold or leased Plaintiff and Class Members the Class Vehicles with knowledge that the vehicles suffered from the Hood Defect, but Defendant knowingly concealed and failed to disclose said defects to Plaintiff and Class Members with the intent that Plaintiff and Class Members rely upon its concealment.

139.     Defendant additionally violated M.G.L. 93A § 2 by breaching its express and implied warranties.

140.     The Class Vehicles' Hood Defect poses an unreasonable safety risk to consumers and other members of the public with whom they share the road, because the defect causes the drivers to be distracted when operating their vehicles. Defendant had exclusive knowledge of the defect and has actively concealed it from consumers.

141.     In the course of Defendant's business, Defendant willfully failed to disclose and actively concealed that the Class Vehicles are defective. The existence of the Hood Defect, which manifests in all or substantially all of the Class Vehicles, is material to a reasonable consumer in that it poses an unreasonable risk to their safety, impairs the vehicles' ability to provide safe and reliable transportation, and causes the Class Vehicles to be worth substantially less than they would otherwise be valued.

34

142.    In purchasing or leasing the Class Vehicles, Plaintiff and Class Members were deceived by Defendant's failure to disclose at the time of sale or lease that the Class Vehicles suffered from the Hood Defect as described above.

143.    Defendant owed Plaintiff and Class Members a duty to disclose the truth about the Hood Defect at the time of sale or lease because:

      a.    Defendant was in a superior position to know the true state of facts about the Class Vehicles' Hood Defect

      b.    Defendant knew that the Class Vehicles suffered from an inherent defect, were defectively designed or manufactured, and were not suitable for their intended use;

      c.    Defendant made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles and the Hood Defect; and

      d.    Defendant actively concealed the defective nature of the Class Vehicles and their Hood Defect from Plaintiff and Class Members.

144.    Defendant intentionally and knowingly concealed material facts regarding the Class Vehicles with an intent to mislead Plaintiff and Class- Members.

145.    Plaintiff and Class Members reasonably relied upon Defendant's false misrepresentations. They had no way of knowing that Defendant's representations were false and gravely misleading.

146.    Plaintiff and Class Members were unaware of the Hood Defect when they purchased their vehicles and would not have purchased the Class Vehicles, or would have paid less for the Class Vehicles, had they known, prior to their respective time of purchase or lease, of such defects in the Class Vehicles.

147.     As a result of Defendant's acts, Plaintiff and Class Members have suffered damages in that they are left with vehicles of diminished value and utility because of the Hood Defect, which continues to pose a serious safety risk.

148.     Defendant's failure to disclose the Hood Defect to Plaintiff and Class Members and its breach of warranties constitute an unfair or deceptive act in violation of MGL. c. 93A § 2.

149.     Defendant willfully or knowingly violated Chapter 93A and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

150.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek appropriate injunctive relief, recovery of actual damages, treble damages, and his reasonable costs and attorneys' fees.

## **DEMAND FOR RELIEF**

WHEREFORE, on behalf of himself and all others similarly situated, prays for judgment against Defendant as follows:

a.   An order certifying the proposed Class, designating Plaintiff as named representative of the Class, and designating the undersigned as Class Counsel;

b.   An order awarding Plaintiff and class members their actual damages, incidental and consequential damages, punitive and treble damages, and/or other form of monetary relief provided by law;

c.   An order awarding Plaintiff and the Class restitution, disgorgement, or other equitable relief as the Court deems proper;

d.   Equitable relief including, but not limited to, replacement of the Class Vehicles with new vehicles, or repair of the defective Class Vehicles with an

36

extension of the express warranties and service contracts which are or were applicable to the Class Vehicles;

e.  A declaration requiring Defendant to comply with the various provisions of the state and federal consumer protection statutes herein alleged and to make all the required disclosures;

f.  Reasonable attorney's fees and costs;

g.  Pre-judgment and post-judgment interest, as provided by law;

h.  Plaintiff demands that Defendant repair all Class Vehicles; and

i.  Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 9, 2022

Respectfully submitted,

By:   */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
BBO # 650671
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*

37